**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq.
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
Florence Morris

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FLORENCE MORRIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CREDENCE RESOURCE MANAGEMENT, LLC,**<br><br>Defendant. | Case No.: **'18CV0132 BEN NLS**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

Case No.:                                                          *Morris v. Credence*
**PLAINTIFF FLORENCE MORRIS' CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**

## INTRODUCTION

1. Plaintiff FLORENCE MORRIS ("Plaintiff") through Plaintiff's attorneys, bring this lawsuit individually and in behalf of all others similarly situated seeking damages and other available legal or equitable remedies resulting from the illegal actions of Defendant CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in the City of San Diego, County of San Diego, State of

California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district.

## PARTIES

8. Plaintiff, FLORENCE MORRIS ("Plaintiff"), is a natural person residing in San Diego County, California and is a "person" as defined by 47 U.S.C. § 153 (39).

9. Defendant, CREDENCE RESOURCE MANAGEMENT, LLC ("Defendant"), is a limited liability company incorporated in the State of Nevada with its corporate headquarters in the State of Texas and is a "person" as defined by 47 U.S.C. § 153 (39).

## FACTUAL ALLEGATIONS

10. Sometime before 2017, Plaintiff is alleged to have incurred certain financial obligations to Defendant.

11. Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

12. Thereafter, Plaintiff retained the services of the Law Office of Daniel G. Shay ("DGS") to assist Plaintiff with resolving Plaintiff's alleged debt.

13. In this regard, DGS transmitted a Letter of Representation ("LOR") to Defendant via U.S. Mail and facsimile on August 29, 2017.

14. Said LOR indicated that Defendant was to cease all communications with Plaintiff.

15. Said LOR informed Defendant that Plaintiff was a represented party with regard to Plaintiff's alleged debt and provided Defendant with DGS's name and contact information.

16. The LOR also demanded all future communications with regard to Plaintiffs' account be sent and directed directly to DGS's office only.

17. Moreover, the LOR also demanded that Defendant refrain from future contact

with Plaintiff on Plaintiff's cellular telephone.

18. Specifically, the LOR stated "Client hereby revokes any prior express consent they may have been given to receive telephone calls, especially to Client's cellular telephone . . .."

19. Plaintiff confirmed receipt of said LOR via facsimile which represented that Defendant received said fax on August 29, 2017 at 2:53 p.m..

20. Despite receipt of DGS's LOR, Defendant continued to contact Plaintiff directly on Plaintiff's cellular telephone multiple times each day including but not limited to two calls on September 19, 2017, one at 11:10 a.m. and another at 11:18 a.m..

21. Said calls were made by Defendant without the requisite "prior express consent."

22. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1).

23. Defendant used an artificial or prerecorded message to communicate with Plaintiff as prohibited by 47 U.S.C. § 227(b)(1)(A).

24. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

25. On information and belief, Defendant's telephone system utilized to contact Plaintiff is a predictive dialer.

26. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28. Defendant lacked "prior express consent" to contact Plaintiff on Plaintiff's cellular telephone as described herein.

29. Even if Defendant initially had "prior express consent" to contact Plaintiffs,

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

said consent was revoked by the DGS's LOR dated August 29, 2017.

30. To date, Plaintiff has received numerous autodialed telephone calls on Plaintiff's cellular telephone from Defendant.

31. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any phone calls from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint without prior express consent.

33. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any calls from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

34. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

35. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges

**PLAINTIFF FLORENCE MORRIS' CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**

that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

36. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or ignore calls from Defendant, and in so doing Defendant invaded the privacy of said Plaintiff and Class members.

37. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. As a person that received numerous phone calls from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

| Case No.: | 5 of 8 | *Morris v. Credence* |

**PLAINTIFF FLORENCE MORRIS' CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**

39. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

40. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

41. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

42. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

49. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

50. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant as follows:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: January 18, 2018                                  Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**

                                            By:  ___/s/ Matthew M. Loker___
                                                     MATTHEW M. LOKER, ESQ.
                                                     ATTORNEY FOR PLAINTIFFS

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

Case No.:                                  **8 of 8**                                  *Morris v. Credence*
**PLAINTIFF FLORENCE MORRIS' CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ.**